UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDUARDO RALPH JUNQUEIRA,  )
    Petitioner,         )
                                )
v.                         )  C.A. No. 18-10307-MLW
                                )
STEVE SOUZA, ET AL.,       )
    Respondents.        )

MEMORANDUM AND ORDER

WOLF, D.J.                                    February 28, 2018

    Pursuant to 28 U.S.C. §2241, petitioner Eduardo Ralph Junqueira seeks immediate release from detention by United States Immigration and Customs Enforcement ("ICE"). Therefore, "unless the court orders otherwise," there are limits to remote access to electronic filings in this case imposed by Federal Rule of Civil Procedure 5.2(c). Under Rule 5.2(c)(1) the parties and their attorneys have remote electronic access to the complete record of the case. However, under Rule 5.2(c)(2), "[r]emote electronic access by non-parties is limited to the docket and the written dispositions of the court unless the court orders otherwise." Fed. R. Civ. P. 5.2, Advisory Committee Note to 2007 Amendment. Therefore, absent a court order, non-parties are required to come to the courthouse to obtain access to the full record. Id.

    On February 27, 2018, John A. Hawkinson, a member of the media, moved to intervene "for the limited purpose of filing a motion seeking an order allowing the public to remotely access

non-sealed electronic court filings on PACER in this case pursuant to Fed. R. Civ. P. 5.2(c)." Neither party opposes the relief he seeks. As Hawkinson recognizes, "the court may sua sponte open the docket, as [it] recently did in Calderon Jiminez v. Nielsen, [et al.], C.A. No. 18-10225-MLW, and therefore deny the [motion for] intervention as moot." See Fed. R. Civ. P. 5.2(c)(1); see also National Organzation for Marriage v. McKee, 649 F. 3d 34, 70-71 (1st Cir. 2011). Because Hawkinson has not given any reason for his intervention other than moving for public electronic access to the docket, the court is allowing such access and denying Hawkinson's motions as moot.[1]

As the First Circuit has written:

> In Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978), the Supreme Court acknowledged that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Id. at 597 (footnotes omitted). The privilege extends, in the first instance, to "materials on which a court relies in determining the litigants' substantive rights." Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986).

F.T.C. v. Standard Financial Management, 830 F.2d 404, 408 (1st Cir. 1987). The First Circuit explained:

> Public access to judicial records and documents allows the citizenry to "monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." In the Matter of Continental Illinois

---

[1] He also requests permission to file electronically in this matter through his ECF account and an order requiring that any opposition be served on him. Because the court is ordering the relief Hawkinson seeks, these requests are also moot.

2

<u>Securities Litigation</u>, 732 F.2d 1302, 1308 (7th Cir. 1984). The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch.

<u>Id.</u> at 410.

There is widespread public interest in the issues in this case, as is already manifest in articles concerning two related cases before this court, <u>De Oliveira v. Moniz et al.</u>, C.A. No. 18-10150-MLW, and <u>Calderon Jimenez v. Nielsen, et al.</u>, C.A. No. 18-10225-MLW. <u>See</u>, <u>e.g.</u>, Maria Cramer, "ICE Arrested 7 People as They Sought Permanent Status in Mass., R.I.," <u>Boston Globe</u> (Feb. 21, 2018); Maria Cramer, "Judge Demands Answers from ICE on Detention of Young Mother," <u>Boston Globe</u> (Feb. 16, 2018).

In view of the presumption of public access to documents on which judicial decisions are based, the heightened importance of making court files accessible where the government is a party, and the difficulty that some evidently interested individuals and organizations would have in coming to the courthouse in Boston, Massachusetts to obtain access to the record of this case, the court finds that it is appropriate to authorize all persons to have remote electronic access to the full record of this case, subject to appropriate redactions.

Accordingly, it is hereby ORDERED that:

3

1. The parties and their attorneys shall have remote electronic access to any part of the file in this case, including the administrative record. See Fed. R. Civ. P. 5.2(c)(1).

2. Any other person shall have remote electronic access to: (a) the docket in this case, see Fed. R. Civ. P. 5.2(c)(2)(A); (b) each opinion, order or judgment of the court, see Fed. R. Civ. P. 5.2(c)(2)(B); and (c) the public record of this case.

3. If a submission includes information that a party believes should not be part of the public record, see, e.g., Fed. R. Civ. P. 5.2(a) and United States v. Kravetz, 706 F.3d 47, 61-64 (1st Cir. 2013), it may file the submission under seal with a motion to seal and a redacted version for the public record. See Fed. R. Civ. P. 5.2(d); Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts.

4. The Unopposed Motion of John A. Hawkinson, Pro Se, to Intervene Seeking Remote PACER Access, for ECF Filing Privileges, and Service of Any Response (Docket No. 8) and the Unopposed Motion of John A. Hawkinson, Pro Se, for an Order to Permit Remote Access to Electronic Court Filings Pursuant to FRCP 5.2(c) (Docket No. 9) are MOOT.

                                                      /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE